SMITH v. RACKLIFFE, State Treasurer.

(Circuit Court, N. D. California. December 17, 1897.)

No. 11,915.

TAXATION OF RAILROAD — ROLLING STOCK OF LESSEE — POWERS OF BOARD OF EQUALIZATION.

Under Const. Cal. art. 13, § 10, providing that "the franchise, roadway, roadbed, rails, and rolling stock of all railroads operated in more than one county in this state shall be assessed by the state board of equalization," such board has power to assess to a lessee rolling stock owned by it, and used in operating a leased line of road in more than one county of the state.

This is an action by C. W. Smith, as receiver of the Atlantic & Pacific Railroad Company against Levi Rackliffe, state treasurer of California, to recover taxes paid by the company. Heard on demurrer to the amended bill. For former decision, see Reinhart v. McDonald, 76 Fed. 403.

C. N. Sterry (E. S. Pillsbury, of counsel), for plaintiff.
W. F. Fitzgerald, Cal. Atty. Gen., for defendant.

MORROW, Circuit Judge. This action was brought by the receiver of the Atlantic & Pacific Railroad Company, under the provisions of section 3669 of the Political Code of this state, to recover of the state treasurer certain moneys paid by that company into the state treasury for taxes upon rolling stock operated by it within this state. A demurrer to the original complaint having been sustained

by Judge McKenna (Reinhart v. McDonald, 76 Fed. 403), the complainant has filed an amended complaint, containing a formal substitution of parties, and some changes in the verbiage of the complaint, but no substantial change in the material allegations of the original complaint. It appears that the Atlantic & Pacific Railroad Company is a corporation organized and incorporated under the act of congress approved July 27, 1866 (14 Stat. 292). It had in operation, in 1893, a line of railroad from the city of Albuquerque, in the county of Bernalillo, in the territory of New Mexico, through the territory of Arizona, to The Needles, in the county of San Bernardino, state of California; thence to Mojave, in the county of Kern, in the same state. The home and situs of the rolling stock of the road was located at Albuquerque, N. M. The line of this road in the state of California from Mojave to The Needles, a distance of about 243 miles, was built and is owned by the Southern Pacific Railroad Company. In August, 1894, the Southern Pacific Railroad Company agreed to sell this road from Mojave to The Needles to the Atlantic & Pacific Railroad Company. The sale was to be consummated whenever the Southern Pacific Railroad Company was able to make clear title to the line of railway discharged from certain liens. In the meantime, and until the consummation of the sale, and payment of the purchase price, the Southern Pacific Railroad Company leased this line of railway to the Atlantic & Pacific Railroad Company for a period of 30 years at an annual rental. The lease provided that the Atlantic & Pacific Railroad Company should promptly pay and discharge all taxes and assessments which should thereafter become due upon said property, or any part thereof, or might become in any wise due or owing in respect to the same. In the year 1893 the state board of equalization of this state assessed the franchise, roadway, roadbeds, rails, and rolling stock of the Southern Pacific Railroad Company in the state of California, including the line of railroad from Mojave to The Needles, so leased to the Atlantic & Pacific Railroad Company, and which was, at that time, being operated by the last-named company, and did also demand and require of the Atlantic & Pacific Railroad Company that it should make a return of all its personal property in the shape of rolling stock, etc., used in the operation of the line of road from Mojave to The Needles, leased from the Southern Pacific Railroad Company, and thereupon, and under protest, the Atlantic & Pacific Railroad Company returned to the board of equalization that it had in operation 89 cars and locomotive engines, of the value of $56,810, which it had in use and operated at times along the line of said road, and thereupon the board of equalization assessed said rolling stock at a total valuation of $125,000, and imposed a tax of $2,272.80, which the railroad company paid to the state treasurer. To recover this sum of $2,272.80, the present suit was brought against the state treasurer by the receiver of the railroad company.

The first demurrer interposed by the attorney general of the state raised the question of jurisdiction of the court to entertain the action, because it was, in effect, a suit against the state of California. The demurrer also placed in issue the sufficiency of the complaint in

stating a cause of action.    The court held that it had jurisdiction of the action, but sustained the demurrer on the other ground.    The sufficiency of the complaint involved the question whether, under section 3665 of the Political Code of California, the state board of equalization had the power to assess the rolling stock of a railroad corporation, where the corporation is not located in the state, and does not own the line of road upon which the rolling stock is used, but holds the road under a lease.    The section provides, among other things, as follows:

"The board must assess the franchise, road-way, road-bed, rails and rolling-stock of all railroads operated in more than one county.    *    *    *    Assessment must be made to the corporation, person, or association of persons owning the same.    The depots, stations, shops, and buildings erected upon the space covered by the right of way and all other property owned by such person, corporation or association of persons are assessed by the assessor of the county where they are situate."

It was contended that, as the Atlantic & Pacific Railroad Company was not the owner of the line of railroad from Mojave to The Needles, the rolling stock on that road could not be assessed to that corporation.    In other words, there must be a union in the ownership of the line of road and the rolling stock as a condition of assessment.    The court held that the tax was legal under the constitution of the state, which provides, in section 1, art. 13, that "all property of the state, not exempt under the laws of the United States, shall be taxed in proportion to its value to be ascertained as provided by law."    In support of the present demurrer, it is contended that the state board of equalization had no jurisdiction, under the constitution of the state, to assess rolling stock belonging to a railroad which is not operated in more than one county of the state; that, if such rolling stock happens to be in the state under such circumstances as to require that it should be taxed under the constitution and the laws of the state, the taxes required to be paid by it must be levied upon an assessment made by the local assessor, and not by the state board of equalization.    It is contended, further, that this proposition was not presented by counsel or considered by the court upon the first demurrer.    The sufficiency of the complaint certainly involved this question, and, in my opinion, it was presented by counsel in their briefs.    But, assuming that the question was not considered or determined by the court, I am of the opinion that the assessment is in accordance with the constitution and law of the state.    Section 10 of article 13 of the constitution of the state provides:

"All property, except as hereinafter in this section provided, shall be assessed in the county, city, city and county, town, township, or district in which it is situated, in the manner prescribed by law.    The franchise, road-way, road-bed, rails and rolling stock of all railroads operated in more than one county in this state, shall be assessed by the state board of equalization, at their actual value, and the same shall be apportioned to the counties, cities and counties, cities, towns, townships, and districts in which such railroads are located, in proportion to the number of miles of railway laid in such counties, cities and counties, cities, towns, townships and districts."

Section 3665 of the Political Code, as we have seen, requires the board of equalization to assess rolling stock of railroads operated in more than one county, and the assessment must be made to the

corporation, person, or association of persons owning the same. This is an assessment against a railroad corporation on rolling stock operated by such corporation over a line of railroad in more than one county in the state, and, in my opinion, comes within the jurisdiction conferred upon the board of equalization by the constitution. The demurrer will be sustained.